WILLIAM B. TANNER CO., INC., a
Tennessee Corporation, Plaintiff,

v.

CENTRAL BROADCAST COMPANY, an
Oklahoma Corporation, Defendant.

No. 79–C–359–C.

United States District Court,
N. D. Oklahoma.

Sept. 19, 1979.

G. Michael Lewis, Wm. E. Hughes, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl., for plaintiff.

R. K. Pezold, Howard & Rapp, Tulsa, Okl., for defendant.

### ORDER

H. DALE COOK, Chief Judge.

The Court now considers defendant's Motion to Dismiss based on its contention that plaintiff corporation is precluded from maintaining this suit because of Title 18, Okla.Stat.Annot. § 1.201, which requires that foreign corporations transacting business in Oklahoma will not be permitted to prosecute in Oklahoma courts until they have obtained a certificate of domestication from the Secretary of State. Defendant alleges that plaintiff has violated § 1.201, and offers the following evidence: 1) plaintiff's pleading that it is a Tennessee corporation, 2) a certificate from the Oklahoma Secretary of State's office that she has no record of plaintiff's registration in this State, and 3) an affidavit from defendant's attorney that upon information and belief, he believes that specific agents of plaintiff's have solicited business in Oklahoma. Plaintiff responds that the acts alleged by defendant do not constitute transacting business in the State of Oklahoma, and that it is therefore not in violation of § 1.201.

The parties have cited various cases for the definition of "transacting business" within a state. This Court will first note that the consideration of this issue is not solely one of Oklahoma interpretation. In *Robbins v. Shelby County Taxing District*, 120 U.S. 489, 30 L.Ed. 694 (1887), the Supreme Court held that states may not regulate foreign corporations whose actions within their borders are exclusively that of interstate commerce; in other words, a corporation must be engaged in intrastate commerce to be subject to state regulations.

In spite of later de-emphasizing of other holdings in *Robbins*, its pertinence to the instant case remains vital, and was reiterated in *Eli Lilly & Co. v. Sav-On Drugs*, 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1960). In considering what constituted intrastate commerce in the *Lilly* case, the Supreme Court stated that "[i]t is well established that New Jersey cannot require Lilly to get a certificate of authority to do business in the State if its participation in this trade is limited to its wholly interstate sales to New Jersey wholesalers. Under the authority of the so-called "drummer" cases, such as *Robbins v. Shelby County Taxing District*, Lilly is free to send salesmen into New Jersey to promote this interstate trade without interference from regulations imposed by the State." 366 U.S. at 278–79, 81 S.Ct. at 1318. The Court went on to note that the converse of the argument was that as to Lilly's intrastate transactions, it was subject to state regulations, in spite of the fact that Lilly may also be engaged in interstate commerce simultaneously. *See also Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974).

In the instant action, defendant asserts, and plaintiff doesn't deny, that the contract being sued upon is an example of the business plaintiff was transacting in Oklahoma. That contract is one for advertising time on defendant's radio station in Tulsa, Oklahoma. Plaintiff alleges that it was and is in the business of purchasing such advertising time at various radio stations for ultimate resale to its clients. Defendant has alleged nothing inconsistent with plaintiff's description of its business, and on the basis of the law and the facts presented, the Court is satisfied that plaintiff is engaged in a wholesale operation for resale in interstate commerce.

Defendant has additionally prayed that, if its evidence is insufficient to carry its burden of proof, the Court order additional discovery dealing with this issue. Discovery and the presentation of evidence are the duties of the parties, not of the Court. If there are items of discovery sought by defendant, it is free to pursue them by way of the various procedural norms. Moreover, if evidence later is presented that this court lacks subject matter jurisdiction over this action, it would then be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure. But the Court will not in the interim engage in the process of discovery.

For the foregoing reasons, it is hereby ordered that defendant's Motion to Dismiss be overruled.